UNITED STATES DISTRICT COURT

DISTRICT OFARIZONA

| | |
|---|---|
| Muoi Ho, an unmarried woman,<br><br>            Plaintiff,<br><br>   v.<br><br>Federal National Mortgage Association, et al.<br><br>            Defendants. | CV 11-0324-TUC-FRZ (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Motion to Dismiss (Doc. 11) filed by Defendants Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. ("BANA"), individually and as successor by merger to BAC Home Loans Servicing, L.P., and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants") against Plaintiff Muoi Ho ("Plaintiff"). Plaintiff filed a response to the motion (Doc. 12), and Defendants filed a reply (Doc. 18). Magistrate Judge Marshall heard oral argument on the motion on November 2, 2011. As explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint with leave to amend the fraud claims.

**I.     Background**

Plaintiff Muoi Ho filed her Complaint on April 7, 2011, in the Superior Court for Pima County. (Doc. 1, Notice of Removal, Ex. A, Complaint ("Compl."), p. 1). Defendants Fannie Mae and BANA removed the action to this Court on May 27, 2011. (Doc. 1). In the Complaint, Plaintiff alleges five causes of action arising from or associated with the non-judicial foreclosure of her home: quiet title; breach of contract; violation of statute; common law fraud; and

consumer fraud. (*Id*.). In terms of relief, Plaintiff seeks unencumbered title to the subject property, reinstatement of title in her name, and tort, contract, and exemplary damages. (Compl., p. 13-14). Plaintiff alleges that on or about January 26, 2011, her property was improperly sold without recordation of the notice of sale and without notice to Plaintiff. (Compl., p. 6).

Plaintiff's underlying factual allegations are that, in or about January 2007, she purchased residential property located at 1687 West Green Thicket Way in Tucson Arizona. The purchase was financed through a loan from Imortgage.com, Inc. The loan was secured by a deed of trust dated January 17, 2007. (Compl., p. 3).

Beginning in January 2010, Plaintiff fell behind in her payments on the loan and sought a loan modification from BANA, which was the holder of the note on the loan she obtained through Imortgage.com. (*Id*.). In or about May 2007, Plaintiff completed and submitted her written loan modification application to BANA. From May through December 2010, Plaintiff contacted BANA at least monthly and was told that:

> (a) her application for the loan modification was complete and was pending; (b) she would receive a decision shortly; (c) her chances for acceptance into the program were very high; (d) she should not attempt to make payments on her loan because partial payments would be rejected and a complete payment of the arrears would cause her application to be rejected; and (e) no "foreclosure" or other attempt to take her property would be attempted while her application was pending.

(Compl., pp. 4-5). Then, in about mid-December 2010, Plaintiff received a letter from BANA indicating her loan modification application was rejected because she failed to submit the requested documentation. (Compl., p. 5). Although she had in fact previously sent the requested documentation, Plaintiff nevertheless began to collect the requested documents for re-submission to BANA. However, on or about January 29, 2011, a notice was placed on the door of Plaintiff's residence indicating that the property "is now owned by Fannie Mae," and demanding that she move out. (*Id*.).

In or about March 2011, Plaintiff was served with a summons and complaint for forcible entry and detainer ("FED"). The FED complaint stated that Fannie Mae had conducted a

2

1 trustee's sale on the subject property on January 26, 2011. (Compl., p. 6). Despite having resided at the subject property for approximately four years, Plaintiff never received notice of the trustee's sale or a demand to quit. (Compl., p. 7).

**II.     Standard for Motion to Dismiss**

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2007) (internal quotation marks omitted). A complaint that contains only "labels and conclusions" or a "formulaic recitation of the elements of the cause of action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In evaluating a motion to dismiss, the Court may consider documents attached to the complaint and incorporated by reference. *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096, 1101 (D. Ariz.2003). Additionally, although a plaintiff is not required to attach to the complaint the documents on which it is based, as long as their authenticity is not disputed, a defendant may rely on any documents referred to in or which are central to the complaint to show that they do not support the plaintiff's claims. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.2002).

**III.    Discussion**

      **A.      Material to be considered**

In her response, Plaintiff asserts that the Defendants are relying on documents that should not be considered by the Court in the context of a motion to dismiss. Plaintiff, without specifically identifying the documents to which she objects, describes this material as "both recorded and unrecorded documents concerning title to the property and noticing of the trustee's

sale." *Response*, p. 2. As indicated above, the Court may evaluate not only documents attached to the complaint, but any documents referred to in the complaint, but not attached, to show that they do not support plaintiff's claims. *Branch*, 14 F.3d at 454; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006). As such, and where appropriate, the Court will consider any such documents that meet these criteria.

Plaintiff also requests that should the Court elect to consider documents that were not attached to the complaint, that the motion be converted to a motion for summary judgment and she be permitted to conduct discovery before responding. As the Court will consider only those documents that are properly before it in the context of a motion to dismiss, conversion to a motion for summary judgement is unnecessary. Moreover, Rule 56(f), on which Plaintiff relies in making her request, requires that the party seeking relief under its terms file a supporting affidavit offering specific reasons for its inability to present the facts essential to supporting her claim. Fed.R.Civ.P. 56(f). Plaintiff has not met this requirement and relief under the rule is not justified.

**B.     The trustee must be dismissed**

Defendants argue that Recontrust, the trustee which conducted the trustee's sale, must be dismissed from this action pursuant to A.R.S. § 33-807(E), which provides:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

*Id*. Defendants assert that this statute applies because the Plaintiff has not alleged that Recontrust breached its obligations under the applicable statutes or those imposed under the deed of trust. *Motion*, pp. 4-5. Plaintiff counters that she has alleged a number of statutory violations and specifically asserting that Recontrust failed to give notice and recorded a trustees deed knowing it was false or misleading. Plaintiff's assertions are entirely undermined in at least two

4

ways. First, the Notice of Trustee's Sale is attached to the complaint as Exhibit 4 and the Defendants have produced several Affidavits of Mailing and tracking receipts reflecting that the notice was mailed and delivered. *Motion,* Exhibit C. Plaintiff offers nothing to dispute these facts. Second, as explained below, Arizona law provides that disputes about the validity of a trustee's sale and deed must be raised prior to the sale or they are otherwise waived.

**C. Plaintiff has waived her claims regarding the trustee's sale**

Defendants next argue that Plaintiff has waived any claims regarding the trustee's sale by failing to raise them prior to the sale. Under A.R.S. § 33-811(C),

> [A]ll persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C). In *Habig v. FDIC*, CV 10-2500-PHX-SRB (2010), Judge Bolton analyzed this statute in relation to a claim identical to that urged by the Plaintiff here. As is the case here, the plaintiffs in *Habig* asserted that they had not been given notice of the pending sale and therefore were unable to timely raise their objections. In rejecting this argument, Judge Bolton offered the following analysis:

> If Plaintiffs were able to nullify the trustee's sale of their property that took place on July 14, 2010, by filing a lawsuit three months later, when they did not seek or obtain injunctive relief under Arizona's Rule 65 before the sale took place, then A.R.S. § 33-811(C) would have no meaning at all. Plaintiff's allegation that they did not receive notice of the sale does not alter this interpretation. Arizona law only requires that notice be mailed, not that it be received. *See* A.R.S. §§ 33-809, 33-811(C); *Transamerica Fin. Servs., Inc. v. Lafferty*, 856 P.2d 1188, 1192 (Ariz.Ct.App. 1992) (recognizing that a trustor's [sic: trustee's] obligation is only to mail notice).

*Habig*, CV 10-2500-PHX-SRB, Doc. 30, p. 5 (May 6, 2011). Judge Bolton then noted that a trustee's deed is conclusive evidence of compliance with the notice requirements, and that the plaintiffs' defenses or objections to the foreclosure were barred by A.R.S. § 33-811(C).

The conclusion here is the same as that reached by Judge Bolton in *Habig*. If a trustor

5

were able to void a sale that had already taken place based on a claim that the notice provisions of A.R.S. were violated, A.R.S. § 33-811(C) would be rendered a "practical nullity." *See Luciano v. WMC Mortg. Corp.*, Nos. 1 CA-CV 08-0566, 1 CA-CV 08-678, 2010 WL 1491952, at *5-6 (Ariz.Ct.App. Apr. 13, 2010) (citations omitted). The impact of such an approach would result in the inability of a purchaser to confidently rely on the validity of the deed and would, at the least, result in a reduction in prices obtained at foreclosure. Without legislative direction to the contrary, the statute simply cannot be interpreted to allow for that result.

### D. Plaintiff has not pled a viable fraud or consumer fraud claim

In all averments of fraud, the circumstances constituting the fraud must be stated "with particularity." Fed.R.Civ.P. 9(B); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir.2000) (Fraud must be pled "with a high degree of meticulousness"). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999). The allegations must be sufficiently "particularized" for purposes of Rule 9(b) and constitute a plausible claim for relief. *Twombly*, 550 U.S. 544, 569 n. 14 (2007). The rule also applies to allegations of fraudulent conduct under state consumer protection statutes. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir.2009).

In alleging consumer fraud under A.R.S. § 44-1521, Plaintiff incorporates her allegations of common law fraud. The fraud claims will therefore be analyzed together. As a threshold problem, Plaintiff attributes all of the allegations of fraud to "Defendants." As there are three defendants in this action, general allegations of fraud are insufficient as they do not inform each defendant of the acts of fraud in which it was allegedly involved. Moreover, other than a broad range of time, most of the allegations do not identify when the statements were made. Allegations like these are too vague and conclusory and are insufficient to satisfy the particularity required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540

1 (9th Cir.1989). As the Ninth Circuit has noted, a complaint must specify the alleged fraudulent misrepresentation or omission, allege the falsity when made, identify the speaker, state when and where the statements were made, and state the manner in which the representations were false and misleading. *In re GlenFed, Inc. Secur. Litig.,* 42 F.3d 1541, 1547 n. 7 (9th Cir.1994) (overturned on other grounds by statute). The allegations offered by Plaintiff do not begin to meet these requirements.

### E. Plaintiff cannot succeed on her quiet title claim

Plaintiff's quiet title claim is predicated on the success of her claim that the trustee's sale was defective and/or that she was defrauded by the Defendants. A quiet title claim is a claim for equitable relief whereby a plaintiff seeks to bar the defendant from claiming any right title or adverse to plaintiff. A.R.S. § 12-1102; *Kennedy v. Morrow*, 77 Ariz. 152, 268 P.2d 326, 328 (Ariz.1954). Because the Plaintiff's fraud and statutory claims have been found insufficient to support a claim of relief, the quiet title action also is also defective. Simply put, the Plaintiff has not pled a claim that will survive dismissal and, thus, there is no potential basis upon which to vest title in her.

### F. Leave to amend

Plaintiff requests leave to amend to cure any defects in the complaint. Leave to amend should be denied only if the court determines that "allegation(s) of other facts consistent with the challenged pleading could not possibly cure the defect. *Schreiber Distributing Co. V. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir.1986). Here, the Court finds that the defects identified in relation to Plaintiff's fraud claims might be cured by the addition of facts consistent with those alleged in the complaint. Plaintiff should thus be granted leave to amend.

## IV. Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **grant** the Motion to Dismiss (Doc. 11) filed by Defendants Federal National Mortgage Association ("Fannie Mae"), Bank of America, N.A. ("BANA"), individually and as successor by merger to BAC Home Loans Servicing, L.P., and ReconTrust Company,

N.A. ("ReconTrust") and **grant** Plaintiff Muoi Ho leave to amend her fraud claims.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 11-0324-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

DATED this 8th day of November, 2011.

_____
Jacqueline Marshall
United States Magistrate Judge